**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ODYSSEY REINSURANCE COMPANY,
a Connecticut corporation,

          Plaintiff-Appellee,

  v.

RICHARD KEITH NAGBY; DIANE
NAGBY, AKA Diane Dostalik; PACIFIC
BROKERS INSURANCE SERVICES, a
Nevada corporation; CAL-REGENT
INSURANCE SERVICES
CORPORATION, a California
corporation; CLAIMS TECHNOLOGY
SERVICES CORPORATION, a California
corporation; DAVID DOSTALIK;
AMTRUST NORTH AMERICA, INC., a
Delaware corporation,

          Defendants-Appellees,

  v.

KNIGHT INSURANCE COMPANY,
LTD., Proposed Intervenor,

          Movant-Appellant.

No.   19-55346

D.C. No.
3:16-cv-03038-BTM-WVG

MEMORANDUM[*]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| ODYSSEY REINSURANCE COMPANY, a Connecticut corporation, | No. 19-55347 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-03038-BTM-WVG |
| v. | |
| RICHARD KEITH NAGBY; DIANE NAGBY, AKA Diane Dostalik; PACIFIC BROKERS INSURANCE SERVICES, a Nevada corporation; CAL-REGENT INSURANCE SERVICES CORPORATION, a California corporation; CLAIMS TECHNOLOGY SERVICES CORPORATION, a California corporation; DAVID DOSTALIK; AMTRUST NORTH AMERICA, INC., a Delaware corporation, | |
| Defendants, | |
| v. | |
| KNIGHT INSURANCE COMPANY, LTD., Proposed Intervenor, | |
| Movant-Appellant. | |

| | |
|---|---|
| ODYSSEY REINSURANCE COMPANY, a Connecticut corporation, | No. 19-55423 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-03038-BTM-WVG |
| v. | |

2

RICHARD KEITH NAGBY,

          Defendant-Appellant,

 and

DIANE NAGBY, AKA Diane Dostalik; PACIFIC BROKERS INSURANCE SERVICES, a Nevada corporation; CAL-REGENT INSURANCE SERVICES CORPORATION, a California corporation; CLAIMS TECHNOLOGY SERVICES CORPORATION, a California corporation; DAVID DOSTALIK; AMTRUST NORTH AMERICA, INC., a Delaware corporation,

          Defendants,

 v.

KNIGHT INSURANCE COMPANY, LTD., Proposed Intervenor,

          Movant.

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted August 14, 2020[**]
Pasadena, California

---

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  WARDLAW and CLIFTON, Circuit Judges, and CHOE-GROVES,*** Judge.

Knight Insurance Company appeals from the district court's order denying its motion to intervene (No. 19-55346) and from a subsequent order disbursing the district court's registry funds to Odyssey Reinsurance Company (No. 19-55347).[1] We affirm the denial of Knight's motion to intervene and dismiss Knight's appeal from the disbursement order.

In 2015, Odyssey Reinsurance Company won a $3.2 million judgment against Cal-Regent Insurance Services Corporation for breach of contract. To avoid that judgment, Cal-Regent's principals, Richard and Diane Nagby, transferred Cal-Regent's assets to Pacific Brokers Insurance Services (PBIS), a successor company, and then sold most of PBIS's assets to AmTrust North America for $5 million. To recover on its judgment, Odyssey initiated the underlying diversity case against the parties involved in the transfer of Cal-Regent's assets.

---

[***]    The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

[1]    Those appeals were consolidated with Richard Nagby's appeal from the same disbursement order (No. 19-55423). Following Richard Nagby's petition for chapter 7 bankruptcy, filed in August 2019, the appeals as to him were administratively closed. Our decision thus does not apply to him.

In October 2017, the district court ordered PBIS, Cal-Regent, and the Nagbys to deposit into the court's registry all funds received for the sale of PBIS and any remaining payments AmTrust owed. That same month, Odyssey obtained a default judgment against Cal-Regent and PBIS. When that judgment became final and no appeal was taken, Odyssey filed a motion to disburse the registry funds, claiming a right to do so as PBIS's judgment creditor.

At a late stage, Knight Insurance Company filed a motion to intervene, asserting a competing interest in the registry funds as a putative creditor of Cal-Regent. The district court held that Knight was not eligible to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) because Knight did not have a "significant protectable interest" in the registry funds and did not file a timely motion, and the court denied permissive intervention under Rule 24(b) because of untimeliness and prejudice to the existing parties.

Based on the record, we conclude that the district court did not abuse its discretion in finding Knight's motion untimely. Because "[t]imeliness is the threshold requirement for intervention," we need address no other basis to affirm the denial of Knight's motion. *United States v. Oregon*, 913 F.2d 576, 588, 589 (9th Cir. 1990); *see* Fed. R. Civ. P. 24 (beginning subsections (a) and (b) with the words "[o]n timely motion").

Knight's intervention would have added delay and expense to a case nearing its resolution. Knight filed its motion after the parties had already fully briefed summary judgment, one year after the deadline to file joinder motions, seven months after discovery closed, and five months after the motion cutoff date. Though Knight claimed to be a creditor, it had taken no steps to obtain a judgment against any defendant, something Odyssey had long since accomplished. As a result, Knight's intervention would have also broadened the scope of issues to be resolved in this case.

Considering all the circumstances, it was well within the court's discretion to find that Knight's "unreasonable delay in moving to intervene" would cause prejudice to the parties if the motion were granted. Although Knight argues that it "moved to intervene promptly" after it learned of Odyssey's lawsuit, Knight points to only the declaration of its President, Amit Shah, who speaks of his personal knowledge but says nothing about the knowledge of Knight's other officers or employees. Regardless, the district court correctly held that, as a creditor of Cal-Regent, Knight "reasonably should have known" about the lawsuit sooner. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 852 (9th Cir. 2016).

Because Knight's motion was untimely, we affirm the order denying intervention as of right under Rule 24(a) and permissive intervention under Rule

24(b).  Knight lacked standing to appeal from any subsequent order.  We therefore dismiss Knight's appeal from the order disbursing registry funds to Odyssey.

**AFFIRMED (19-55346).**

**DISMISSED (19-55347).**